IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,　　　　　　　　CR No. 07-60046-1-AA

　　　　Plaintiff,　　　　　　　　　　　　OPINION AND ORDER

　　v.

MARTIN GONZALEZ-ROBLES,

　　　　Defendant.
_____

AIKEN, Chief Judge:

　　Defendant, appearing *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

DISCUSSION

　　The background facts pertinent to this case are set forth thoroughly in the government's response to defendant's motion and will not be repeated here. Rather, the court addresses the substance of defendant's grounds for relief.

　　Defendant first claims that his counsel was ineffective for failing to call certain witnesses during his sentencing hearing.

1　- OPINION AND ORDER

Defendant asserts that unidentified persons would have testified that numerous employees and customers regularly congregated at his restaurant, thus bolstering defendant's statements that he was not responsible for more than 107 grams of methamphetamine and rendering him eligible for a sentence reduction under the "safety valve" provision of the Sentencing Guidelines. However, defendant fails to identify who the witnesses are, whether they were known to counsel, and what the substance of their purported testimony would be. Moreover, defense counsel strenuously argued, on various grounds, that defendant's statements were truthful and that he should be eligible for the safety valve reduction.

Defendant also claims that counsel was deficient in failing to call an expert witness to examine audio recordings relied on by the government. Defendant contends that an expert witness "could have and would have testified that the recordings were either inconclusive or that they did not support the government['s] argument." Defendant's Motion, p. 10. Notably, defendant does not argue that the government inaccurately described the conversations on the recording or that the government altered or edited the recording. Thus, defendant presents no reason why counsel should have consulted an expert. Further, defendant's counsel argued at sentencing that the government misconstrued statements made by defendant on the recording.

Therefore, I find no deficiency of performance with respect to

2   - OPINION AND ORDER

this claim. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Next, defendant argues that counsel was deficient by failing to advise him of the facts and law relevant to his plea, implying that his plea was involuntary. Entry of a guilty plea must be voluntary, knowing and intelligent, "done with sufficient awareness of the relevant circumstances and likely consequences." Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). Consequently, defense "counsel have a duty to supply criminal defendants with necessary and accurate information." Id.

Defendant presents no argument or evidence to support his assertion that he did not knowingly and voluntarily change his plea or that counsel failed to advise him of the consequences of a guilty plea. To the contrary, the court confirmed that defendant understood the nature and consequences of his plea, the applicable mandatory minimum and maximum sentences, and that he had discussed these issues with his attorney. Both defense counsel and defendant confirmed that he understood the nature of plea and the resulting consequences, and counsel for the government was satisfied that defendant knowingly and voluntarily entered his plea. Therefore, I find no basis for defendant's claim of involuntary plea or ineffective assistance.

Finally, defendant claims that counsel was ineffective for failing to seek suppression of evidence, investigate or present

3   - OPINION AND ORDER

evidence and relevant legal authority, and that counsel had an actual conflict of interest. Again, defendant presents no argument or evidence to support these claims, and I find them without merit.

CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Motion for Discovery, and Motion for Appointment of Counsel (doc. 41) are DENIED.

IT IS SO ORDERED.

Dated this 22nd day of June, 2010.

_____
Ann Aiken
United States District Judge

4   - OPINION AND ORDER